[No. 1313.]

## THE STATE OF NEVADA, ex rel. HENRY VANSICKLE, Relator, v. T. N. HANSEN et al., Respondents.

SCHOOL DISTRICTS — ELECTIONS — CONSTRUCTION OF STATUTE. — In construing the provisions of section 2 of the act to provide for the maintenance and supervision of public schools (Stat. 1887, 138, Sec. 2) *Held*, that the statute does not authorize a separate May election in cases where parts of school districts are within the same election precinct.

Application for *quo warranto*.

The facts are stated in the opinion.

*D. W. Virgin*, for Relator.

Relator claims that the trustees of said district should be elected each year, in May, whereas respondents were elected at the general election in November, 1888. (See Stat. 1887, 139, Sec. 2; *Maynard* v. *Johnson*, 2 Nev. 25; *Haydon* v. *Board etc. Ormsby Co.*, 2 Nev. 371; *O'Neil* v. *New York S. P. M. Co.*, 3 Nev. 141; *Roney* v. *Buckland*, 4 Nev. 45; *Gibson* v. *Mason*, 5 Nev. 285; *Odd Fellows' etc. Bank* v. *Quillen*, 11 Nev. 109; *Ex-parte Siebenhauer*, 14 Nev. 368; *Jackson* v. *Collins*, 3 Cow. 89; Sedg. Const. of Stats., 256, 258–261.) ·

*J. R. Judge*, for Respondents.

By the Court, BELKNAP, J.:

The question is whether trustees of the Genoa school district

should be elected at the general biennial election, or at the election held specially for school trustees in the month of May of each year. The Genoa election precinct embraces within its boundaries nearly an entire school district, known as the " Genoa School District," and also portions of adjacent school districts. Electors residing within these portions of districts voted at the Genoa precinct at the general election of 1888, at which respondents were elected school trustees of the Genoa district.

It is claimed that the election was illegal and void. The statute bearing upon the subject is as follows: " Sec. 2. At the general election of the several counties in this state in the year eighteen hundred and eighty-eight there shall be elected by the qualified electors of each district, one school trustee for two years, and one trustee for four years * * * In all cases where there are two or more school districts within the same election precinct * * * there shall be held at each of said districts an election for school trustees on the second Saturday of May in each year, at the schoolhouse in each of said districts." (Stat. 1887, 139.)

It is contended that the statute contemplates the selection of school district officers by the electors residing within the district only; that this intention is shown by the foregoing provisions of the statute directing the electors of each school district to elect trustees, one for the term of two years, and another for the term of four years, and authorizing the holding of separate elections in the month of May of each year by the electors of each school district in cases where two or more school districts are within the same election precinct. Pursuing this view, it is said that the election of respondents was illegal because residents of the portion of other school districts before mentioned participated at the Genoa school district election. It is admitted that the express language of the statute does not authorize a May election in the present case, because the conditions required by the statute do not exist. There are not " two or more school districts within the same election precinct;" but there are in fact nearly an entire school district and fractional portions of other districts. To obviate the difficulty, it is said that the statute should be construed to give effect to the legislative intention, and that words should be interpolated so that it may be read to authorize separate May elections in all cases where parts of school districts are within the same election precinct.

Points decided.

The general design of the statute is, as counsel claims, to confer
the right of selecting their own school officers upon the people
of each school district. But even if no good reason could be
assigned why this design is not more fully carried out, so that
each district would have an election entirely separate from any
portion of any other district, it would not be the duty of the
court to assume legislative power, and extend the clearly
expressed provision of the statute to embrace such cases. A
consideration of the statute, however, leads to the conclusion
that the legislature intended what the statute expresses. It
must be supposed that the legislature understood that the
boundary lines of election precincts and school districts do not
necessarily coincide. And in order to meet this condition the
law provides that, where two or more school districts are within
the same election precinct, separate elections may be held.
From this we assume that the legislature, having in view the
general purpose of the statute, considered it inexpedient to
inflexibly enforce it, and that the purpose of the statute would
be sufficiently accomplished by holding separate elections in
the class of cases provided for, when the necessity is more
apparent than in cases where there is simply an overlapping of
election precinct and school district lines.

It is ordered that the application for the writ of *quo warranto* be
denied.